# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

NAU Country Insurance Company,

    Plaintiff,

v.

FRANK M. WOOD, as Director of the
National Appeals Division, and
Alt's Dairy Farm, LLC,

    Defendants.

_____/

Case No. 1:23-cv-00127

Hon. Janet T. Neff
Mag. J. Hon. Ray Kent

| | |
|---|---|
| Steven D. Pattee (Minnesota Reg. #269918)<br>Tewksbury & Kerfeld<br>Attorneys for Plaintiff<br>88 S. Tenth Street, Suite 300<br>Minneapolis, MN  55403<br>(612) 334-3399<br>spattee@tkz.com | John D. Tallman (P32312)<br>John D. Tallman, PLC<br>Attorneys for Defendant<br>Alt's Dairy Farm, LLC<br>4020 East Beltline Ave., NE<br>Suite 101<br>Grand Rapids, MI  49525<br>(616) 361-8850<br>jtallmanlaw@gmail.com |
| Paul A. Albarrán (P82031)<br>Varnum LLP<br>Co-Counsel for Plaintiff<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI  49501-0352<br>(616) 336-6000<br>paalbarran@varnumlaw.com | |

_____

**DEFENDANT ALT'S DAIRY FARM, LLC's ANSWER TO PLAINTIFF NAU COUNTRY INSURANCE COMPANY'S COMPLAINT**

    Defendant, Alt's Dairy Farm, LLC ("Alt's"), by its attorney, John D. Tallman, for its Answer to Plaintiff NAU Country Insurance Company's ("NAU") Complaint, states as follows:

1. Plaintiff now is, and all times mentioned, was a corporation organized and existing under the laws of the State of Minnesota with its principal offices in the City of Ramsey, State of Minnesota.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

2. Upon information and belief, Defendant Frank M. Wood, is the Director of the National Appeals Division of the U.S. Department of Agriculture and is made a party hereto in his official capacity.  Director Wood may be served with process at the Headquarters of the National Appeals Division located at 1320 Braddock Place, Alexandria, VA  22314.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

3. Upon information and belief, Alt's Dairy Farm, LLC is a limited liability company organized and existing under the laws of the State of Michigan.  Alt's Dairy Farm, LLC's principal office is located at 1632 Six Mile Road NW, Comstock Park, MI 49321.  Further upon information and belief, all members of the limited liability company are domiciled in the State of Michigan.

**ANSWER:   Admitted.**

4. The jurisdiction of this Court is invoked because this case involves a question of Federal law, namely, the interpretation of the Federal Crop Insurance Act and

policies procedures promulgated thereunder, as well as 7 CFR Part 11, Subpart A § 11.13 providing for judicial review of final determinations of the National Appeals Division.

**ANSWER:** **Denied. Plaintiff's Complaint fails to state a claim reviewable by this Court under applicable law.**

5. NAU has standing to bring this action pursuant to 7 CFR Part 11, Subpart A § 11.13 as an interested party to a proceeding held in the National Appeals Division which adjudicated NAU's rights and responsibilities under the Federal Crop Insurance Act and the policies and procedures promulgated thereunder.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

6. NAU and Defendant Alt's Dairy Farm, LLC entered into a policy of crop insurance for the 2017 growing season.

**ANSWER:** **Admitted.**

7. Following the 2017 apple growing season, Defendant sought indemnity under the policy.

**ANSWER:** **Admitted.**

8. NAU denied Defendant's claim for indemnity under the policy.

**ANSWER:** **Admitted.**

9. Alt's Dairy Farm timely initiated arbitration proceedings as required under Paragraph 20 of the common crop insurance policy.

**ANSWER:    Admitted.**

10. On January 22 and 23, 2020, the parties arbitrated the claim before Scott Brinkmeyer, who was duly appointed under the rules of the American Arbitration Association.

**ANSWER:    Admitted.**

11. After considering the evidence submitted by the parties in the form of exhibits, testimony of witnesses, and arguments of counsel, both during the hearing and in written comments in the closing briefs after the evidentiary hearing, Mr. Brinkmeyer issued an Award of Arbitrator in favor of NAU, dated March 11, 2020.

**ANSWER:    Admitted only that Mr. Brinkmeyer's "Award" was dated March 11, 2020, and favored NAU.  Otherwise Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

12. NAU made a motion to confirm the arbitration award before this Court, which was granted (see U.S. District Court Case No. 1:20-vc-00597).  Alt's Dairy Farm, LLC appealed that Order to the Sixth Circuit Court of Appeals which affirmed the District Court's decision by Opinion dated January 11, 2023.  (see Sixth Circuit Court of Appeals Case No. 21-2792).

**ANSWER:    Admitted.**

13. Absent the appeal to the United States Supreme Court, the Arbitration Award is final and cannot be challenged.

**ANSWER:** **Denied.**

14. At the same time the District Court proceedings were in process, Alt's Dairy Farm, LLC sought a finding under ¶ 20(i) of the Basic Provisions of the applicable common crop insurance policy from the Risk Management Agency.

**ANSWER:** **Admitted.**

15. The Risk Management Agency considered the request and issued a finding which held that NAU violated policy and procedures; however, Alt's Dairy Farm, LLC did not receive indemnity in a lesser amount due to the violation of policy and procedures; thus Alt's Dairy Farm, LLC was not entitled to bring a claim for attorney's fees or other remedies under ¶ 20(i) of the Basic Provisions.

**ANSWER:** **Admitted only that RMA issued a "Response" to Defendant's request, which found that NAU violated policy and procedures, otherwise denied.**

16. Alt's Dairy Farm, LLC appealed that decision to the Nation Appeals Division.

**ANSWER:** **Admitted.**

17. Following hearing, a Judicial Officer of the National Appeals Division found that determination made by the Risk Management Agency was in error because NAU

5

violated policy and procedure which ultimately led to financial damages on the part of Alt's Dairy Farm, LLC.

**ANSWER:** **Admitted only that James R. Holden, Administrative Judge of the National Appeals Division, issued an "Appeal Determination" that the decision of the Risk Management Agency was erroneous, that Plaintiff (NAU) "failed to follow the regulation," and that, as a result, Defendant (Alt's) received a "payment in an amount less than the amount to which [it] was entitled for both its 2016 and 2017 loss claims."**

18.     The Risk Management Agency appealed the Administrative Law Judge's decision to the Director of the National Appeals Division, Defendant Frank M. Wood, who upheld the decision of the Administrative Law Judge.

**ANSWER:**   Admitted.

19.     The Agency asked the National Appeals Division Director Frank M. Wood to reconsider his decision.

**ANSWER:**   Admitted.

20.     On or about January 3, 2023, the Director of the National Appeals Division denied the request for reconsideration.

**ANSWER:**   Admitted.

6

21. NAU is a party whose rights and obligations have been adjudicated by the Agency, the National Appeals Division, and the Director.  Further, NAU's rights have been detrimentally affected by the decisions of Defendant Frank M. Wood who was acting in his official capacity.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

22. Alt's Dairy Farm, LLC is a party whose rights and obligations have been adjudicated by the Agency, the National Appeals Division, and the Director; thus, Alt's Dairy Farm, LLC is an interested party to this action.

**ANSWER:**    **Admitted only that Defendant Alt's was a party to the administrative adjudications referenced.**

23. 7 CFR Part 11, Subpart A § 11.13 provides for the judicial review of a final decision of the National Appeals Decision.  NAU brings this action seeking judicial review of the Director's determination.

**ANSWER:**    **The regulation speaks for itself, otherwise Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.**

24. The Director's decision was in error because it is contrary to the Arbitration Award which determined Alt's Dairy Farm, LLC was paid the proper amount of indemnity under the applicable policy terms and procedures; therefore, Alt's Dairy Farm, LLC is not

7

entitled to claim attorney's fees, punitive damages, exemplary damages or any other damage.

**ANSWER:**     **Denied.**

          Respectfully submitted,

          JOHN D. TALLMAN, PLC
          Attorneys for Defendant Alt's Dairy Farm, LLC

Dated: **_03/03/2023_**     By:     **_/s/ John D. Tallman_**
                                                          John D. Tallman (P32312)
                                                          4020 East Beltline Ave., NE
                                                          Suite 101
                                                          Grand Rapids, MI  49525
                                                          (616) 361-8850
                                                          jtallmanlaw@gmail.com

## **AFFIRMATIVE DEFENSES**

Defendant, Alt's Dairy Farm, LLC, by its attorney, John D. Tallman, for its Affirmative Defenses, states as follows:

1. That Plaintiff's Complaint fails to state a claim reviewable by this Court under 7 CFR Part 11, Subpart A § 11.13 and 5 USC § 706.

        Respectfully submitted,

        JOHN D. TALLMAN, PLC
        Attorneys for Defendant Alt's Dairy Farm, LLC

Dated: **03/03/2023**        By: **/s/ John D. Tallman**
                                        John D. Tallman (P32312)
                                        4020 East Beltline Ave., NE
                                        Suite 101
                                        Grand Rapids, MI  49525
                                        (616) 361-8850
                                        jtallmanlaw@gmail.com