UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAU COUNTRY INSURANCE COMPANY, | Case No. 1:23-cv-00127 |
| Plaintiff, | Hon. Janet T. Neff<br>U.S. District Court Judge |
| v. | Hon. Ray Kent<br>U.S. Magistrate Judge |
| FRANK M. WOOD, as the Director of the National Appeals Division, and ALT'S DAIRY FARM, LLC, | |
| Defendants. | |
| _____/ | |

**DEFENDANT FRANK M. WOOD'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Frank M. Wood, Director of the National Appeals Division of the U.S. Department of Agriculture (USDA), in his official capacity and by and through his attorneys, Mark Totten, United States Attorney for the Western District of Michigan, and Laura A. Babinsky, Assistant United States Attorney, states the following as his Answer to Plaintiff's Complaint and his Affirmative Defenses:

1. Plaintiff now is, and all times mentioned, was a corporation organized and existing under the laws of the State of Minnesota with its principle office in the City of Ramsey, State of Minnesota.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

2. Upon information and belief, Defendant Frank M. Wood, is the Director of the National Appeals Division of the U.S. Department of Agriculture and is made a party hereto in his

official capacity.  Director Wood may be served with process at the Headquarters of the National Appeals Division located at 1320 Braddock Place, Alexandria, VA 22314.

**ANSWER:  Admitted.**

3. Upon information and belief, Alt's Dairy Farm, LLC is a limited liability company organized and existing under the laws of the State of Michigan.  Alt's Dairy Farm, LLC's principal office is located at 1632 Six Mile Road NW, Cornstock Park, MI 49321.  Further, upon information and belief, all members of the limited liability company are domiciled in the State of Michigan.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

4. The jurisdiction of this Court is invoked because this case involves a question of Federal law, namely, the interpretation of the Federal Crop Insurance Act and policies and procedures promulgated thereunder, as well as 7 CFR Part 11, Subpart A § 11.13 providing for judicial review of final determinations of the National Appeals Division.

**ANSWER:  The allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that 7 C.F.R. § 11.13 provides for judicial review of a final determination of the National Appeals Division (NAD), and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

5. NAU has standing to bring this action pursuant to 7 CFR Part 11, Subpart A § 11.13 as an interested party to a proceeding held in the National Appeals Division which adjudicated NAU's rights and responsibilities under the Federal Crop Insurance Act and the policies and procedures promulgated thereunder.

**ANSWER:** **The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that NAU was an interested party to a proceeding held in the NAD and denies the remaining allegations of this paragraph.**

## FACTUAL BACKGROUND

6. NAU and Defendant Alt's Dairy Farm, LLC entered into a policy of crop insurance for the 2017 growing season.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

7. Following the 2017 apple growing season, Defendant sought indemnity under the policy.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

8. NAU denied Defendant's claim for indemnity under the policy.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9. Alt's Dairy Farm timely initiated arbitration proceedings as required under Paragraph 20 of the common crop insurance policy.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10. On January 22 and 23, 2020, the parties arbitrated the claim before Scott Brinkmeyer, who was duly appointed under the rules of the American Arbitration Association.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11. After considering the evidence submitted by the parties in the form of exhibits, testimony of witnesses, and arguments of counsel, both during the hearing and in written comments in closing briefs after the evidentiary hearing, Mr. Brinkmeyer issued an Award of Arbitrator in favor of NAU, dated March 11, 2020.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12. NAU made a motion to confirm the arbitration award before this Court, which was granted (see U.S. District Court Case No. 1:20-cv-00597).  Alt's Dairy Farm, LLC appealed that Order to the Sixth Circuit Court of Appeals which affirmed the District Court's decision by Opinion dated January 11, 2023.  (See Sixth Circuit Court of Appeals Case No. 21-2792).

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Further, this paragraph is a characterization of *NAU Country Insurance Company v. Alt's Dairy Farm, LLC*, Case No. 1:20-cv-597 (W.D. Mich.) and *NAU Country Insurance Company v. Alt's Dairy Farm, LLC*, Case No. 21-2792 (6th Cir.), to which no response is required.  To the extent a response is required, the cases cited by Plaintiff and the filings therein speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language, meaning, and context of the cases are denied.**

13. Absent an appeal to the United States Supreme Court, the Arbitration Award is final and cannot be challenged.

**ANSWER**: The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. At the same time the District Court proceedings were in process, Alt's Dairy Farm, LLC sought a finding under ¶ 20(i) of the Basic Provisions of the applicable common crop insurance policy from the Risk Management Agency.

**ANSWER**: Defendant admits that Alt's Dairy Farm, LLC sought a finding under ¶ 20(i) of the Basic Provisions of the applicable common crop insurance policy from USDA's Risk Management Agency (RMA). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

15. The Risk Management Agency considered the request and issued a finding which held that NAU violated policy and procedures; however, Alt's Dairy Farm, LLC did not receive indemnity in a lesser amount due to the violation of policy and procedures; thus, Alt's Dairy Farm, LLC was not entitled to bring a claim for attorney's fees or other remedies under ¶ 20(i) of the Basic Provisions.

**ANSWER**: Defendant admits that RMA issued a Determination Letter dated February 18, 2022. The remaining allegations of this paragraph are a characterization of the Determination Letter, to which no response is required. To the extent a response is required, the Determination Letter speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Determination Letter are denied.

16. Alt's Dairy Farm, LLC appealed that decision to the National Appeals Division.

**ANSWER**: Admitted.

17. Following hearing, a Judicial Officer of the National Appeals Division found the determination made by the Risk Management Agency was in error because NAU violated policy and procedure which ultimately led to financial damages on the part of Alt's Dairy Farm, LLC.

**ANSWER: Defendant admits that a hearing was held before a NAD Administrative Judge and the NAD issued an Appeal Determination. The remaining allegations of this paragraph are a characterization of the Appeal Determination, to which no response is required. To the extent a response is required, the Appeal Determination speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Appeal Determination are denied.**

18. The Risk Management Agency appealed the Administrative Law Judge's decision to the Director of the National Appeals Division, Defendant Frank M. Wood, who upheld the decision of the Administrative Law Judge.

**ANSWER: Defendant admits that RMA and NAU Country Insurance Company each separately requested a Director Review of the Appeal Determination, and a Director Review Determination was issued. The remaining allegations of this paragraph are a characterization of the Director Review Determination, to which no response is required. To the extent a response is required, the Director Review Determination speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Director Review Determination are denied.**

19. The Agency asked the National Appeals Division Director Frank M. Wood to reconsider his decision.

**ANSWER: Admitted.**

20.     On or about January 3, 2023, the Director of the National Appeals Division denied the request for reconsideration.

**ANSWER:  Defendant admits that on January 3, 2023, Director Frank M. Wood issued a letter responding to RMA's request for reconsideration of his Director Review Determination.  The remaining allegations of this paragraph are a characterization of the letter, to which no response is required.  To the extent a response is required, the letter speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language, meaning, and context of the letter are denied.**

21.     NAU is a party whose rights and obligations have been adjudicated by the Agency, the National Appeals Division, and the Director.  Further, NAU's rights have been detrimentally affected by the decisions of Defendant Frank M. Wood who was acting in his official capacity.

**ANSWER:  Defendant admits that Defendant Frank M. Wood was acting in his official capacity when he made his Director Review Determination and issued his letter responding to RMA's request for reconsideration of his Director Review Determination.  The remaining allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations of this paragraph.**

22.     Alt's Dairy Farm, LLC is a party whose rights and obligations have been adjudicated by the Agency, the National Appeals Division, and the Director; thus, Alt's Dairy Farm, LLC is an interested party to this action.

**ANSWER:  The allegations of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Alt's Dairy**

7

**Farm, LLC is a named defendant in this action.  Defendant denies the remaining allegations in this paragraph.**

23. 7 CFR Part 11, Subpart A § 11.13 provides for the judicial review of a final decision of the National Appeals Decision [sic].  NAU brings this action seeking judicial review of the Director's determination.

**ANSWER:  The first sentence of this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that 7 C.F.R. § 11.13 provides for judicial review of a final determination of the NAD.  The second sentence of this paragraph is a characterization of the Complaint, to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.**

24. The Director's decision was in error because it is contrary to the Arbitration Award which determined Alt's Dairy Farm, LLC was paid the proper amount of indemnity under the applicable policy terms and procedures; therefore, Alt's Dairy Farm, LLC is not entitled to claim attorney's fees, punitive damages, exemplary damages or any other damage.

**ANSWER:  Denied.**

The remainder of Plaintiff's Complaint is a Prayer for Relief to which no response is required.  To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, Defendant denies the allegations as untrue.

**AFFIRMATIVE DEFENSES**

Defendant Frank M. Wood may rely on any or all of the following affirmative defenses in this matter:

1. Plaintiff fails to state a claim against Defendant upon which relief can be granted.

    2.    The Director Review Determination is supported by substantial evidence and is neither arbitrary, capricious, nor an abuse of discretion, and, therefore, should be affirmed on the administrative record.

    3.    Some or all of Plaintiff's claims are barred due to Plaintiff's failure to exhaust administrative remedies.

    4.    The Court lacks jurisdiction over some or all of Plaintiff's claims.

    5.    Plaintiff lacks standing.

Defendant Frank M. Wood reserves the right to amend his Answer, and to add affirmative defenses that become known through investigation and discovery.

WHEREFORE, Defendant Frank M. Wood requests that this Court enter judgment in his favor on all of Plaintiff's claims, together with all other relief this Court deems just and equitable under the circumstances.

                                    Respectfully submitted,

                                    MARK TOTTEN
                                  United States Attorney

Dated: April 14, 2023                    */s/ Laura A. Babinsky*
                                        LAURA A. BABINSKY
                                        Assistant United States Attorney
                                        P.O. Box 208
                                        Grand Rapids, MI 49501-0208
                                        (616) 456-2404
                                        Laura.Babinsky@usdoj.gov