UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAU COUNTRY INSURANCE COMPANY, | Case No. 1:23-cv-00127 |
| Plaintiff, | Hon. Janet T. Neff<br>U.S. District Court Judge |
| v. | Hon. Ray Kent<br>U.S. Magistrate Judge |
| FRANK M. WOOD, as the Director of the National Appeals Division, and ALT'S DAIRY FARM, LLC, | |
| Defendants. | |
| _____/ | |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for May 16, 2023 at 11:00 a.m., before Honorable Janet T. Neff. Appearing for the parties as counsel will be:

For Plaintiff:

> Steven D. Pattee
> TEWKSBURY & KERFELD
> 88 S. Tenth Street, Suite 300
> Minneapolis, MN 55403
> (612) 334-3399
> spattee@tkz.com
>
> Paul A. Albarrán
> VARNUM LLP
> Bridgewater Place, P.O. Box 352
> Grand Rapids, MI 49501-0352
> Ph: (616) 336-6000
> paalbarran@varnumlaw.com

<u>For Defendant Frank M. Wood, as the Director of the National Appeals Division of the U.S. Department of Agriculture</u>:

    Laura Babinsky
    United States Attorney's Office
    Post Office Box 208
    Grand Rapids, MI 49501-0208
    (616) 808-2020
    laura.babinsky@usdoj.gov

<u>For Defendant Alt's Dairy Farm, LLC</u>:

    John D. Tallman
    JOHN D. TALLMAN, PLC
    4020 East Beltline Ave. N.E. Suite 101
    Grand Rapids, MI 49525
    (616) 361-8850
    jtallmanlaw@gmail.com

1. <u>Jurisdiction</u>:  The basis for the Court's jurisdiction is: 28 U.S.C. § 1331.

2. <u>Jury or Non-Jury</u>:  This case is to be tried by the Court as a trier of law and fact.

3. <u>Judicial Availability</u>:  The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:  This is an Administrative Procedure Act (APA) case seeking judicial review of final agency action.  Specifically, Plaintiff alleges that the October 28, 2022 final determination of Defendant Frank M. Wood, Director of the National Appeals Division of the U.S. Department of Agriculture, is arbitrary, capricious, an abuse of discretion, and not in accordance with law.  Defendants deny Plaintiff's allegations.

5. <u>Prospects of Settlement</u>:  The status of settlement negotiations is: the parties have not engaged in settlement discussions.

6. <u>Pendent State Claims</u>:  This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>:  The parties do not anticipate joining additional parties or amending pleadings.

8. <u>Disclosures and Exchanges</u>:  Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order.  However, this is "an action for review on an administrative record," and therefore a

        proceeding exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i).  As a result, no disclosures are expected in this APA case.  The parties propose the following schedule for the case:

        (i)       Filing of the administrative record by Defendant NAD Director: **June 15, 2023**

        (ii)      Plaintiff's Motion for Summary Judgment: **July 31, 2023**

        (iii)     Defendants' Cross-Motion for Summary Judgment/Response briefs: **September 14, 2023**

        (iv)     Plaintiff's Response/Reply brief: **October 5, 2023**

        (v)      Defendants' Reply brief: **October 26, 2023**

9. <u>Discovery</u>:  The parties believe there is no need for discovery in this case because discovery is generally inappropriate in APA cases.  *See, e.g., Kroger Co. v. Reg'l Airport Auth. of Louisville & Jefferson Cnty*, 286 F.3d 382, 387 (6th Cir. 2002). In considering challenges to agency action under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Id*. (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  The parties propose the case management schedule set forth in Section 8, above.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:  As discussed above in Section 9, the parties agree that discovery is inappropriate in this matter.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>: The parties agree that if any of them realizes that arguably privileged material has been disclosed, the matter will be handled pursuant to the procedure set forth at Fed. R. Civ. P. 26(b)(5)(B).

12. <u>Motions</u>: The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.  See Judge Neff's <u>Information and Guidelines for Civil Practice</u>, located on this Court's website, <u>www.miwd.uscourts.gov</u>.

    The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

    The following dispositive motions are contemplated by each party:

       The parties anticipate that the merits of this case will be decided based on cross motions for summary judgment, according to the schedule set forth in Section 8, above.

       The parties anticipate that all pre-motion conference requests will be filed by **June 30, 2023.**

13. <u>Alternative Dispute Resolution</u>:  In the interest of conserving the judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

    Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective.  Indicate a preferred time frame for conducting alternative dispute resolution.

    The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: given that the Complaint seeks declaratory and injunctive relief only, the parties do not expect that Alternative Dispute Resolution would narrow the issues or resolve the litigation, and do not believe it would be an efficient use of party or judicial resources.  The parties will explore the possibilities of resolution and if it appears this process would be aided by an Alternative Dispute Resolution process, they will notify the Court and pursue it at that time.

14. <u>Length of Trial</u>:  No trial is expected in this APA case seeking judicial review based on the administrative record.

15. <u>Electronic Document Filing System</u>:  Counsel acknowledge that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.  Counsel opposing a *pro se* party must **file** documents electronically but **serve** *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>:  Nothing at this time.

Respectfully submitted,

Dated: May 9, 2023	*/s/ Steven D. Pattee (w/permission 5/8/23)*
STEVEN D. PATTEE
Tewksbury & Kerfeld
88 S. Tenth Street, Suite 300
Minneapolis, MN 55403
(612) 334-3399
spattee@tkz.com
PAUL A. ALBARRÁN
Varnum LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
paalbarran@varnumlaw.com
Attorneys for Plaintiff


MARK A. TOTTEN
United States Attorney

Dated: May 9, 2023	/s/ *Laura A. Babinsky*
LAURA BABINSKY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Laura.Babinsky@usdoj.gov
Attorneys for Defendant Frank M. Wood


Dated: May 9, 2023	*/s/ John D. Tallman (w/permission 5/8/23)*
JOHN D. TALLMAN
John D. Tallman, PLC
4020 E. Beltline Ave. NE, Suite 101
Grand Rapids, MI 49525
(616) 361-8850
jtallmanlaw@gmail.com
Attorney for Def. Alt's Dairy Farm, LLC