UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAU COUNTRY INSURANCE COMPANY, | Case No.: 1:23-cv-00127 |
| Plaintiff, | Hon. Janet T. Neff |
| v. | |
| FRANK M. WOOD, as the Director of the National Appeals Division, and ALT'S DAIRY FARM, LLC, | **JOINT STATEMENT OF MATERIAL FACTS** |
| Defendants. | |

The Information and Guidelines for Civil Practice before the Honorable Janet T. Neff, United States District Judge of the United States District Court for the Western District of Michigan ("the Information and Guidelines") requires the parties to submit a Joint Statement of Material Facts and Joint Exhibits for Summary Judgment Motions. Information and Guidelines at 3 (III.A.2.). The parties, having conferred, hereby submit this Joint Statement of Material Facts.

1. In this litigation, NAU seeks judicial review of the Director Review Determination made by Defendant Frank M. Wood, Director of the National Appeals Division, ("Director Wood") pursuant to section 11.13 of title 7 to the Code of Federal Regulations. ECF 1 at 1-5.

2. The Administrative Record supporting this judicial review begins at ECF 20 at 56 and continues through ECF 37 at 1557.

3. The entire Agency Record is incorporated here by reference as if fully restated, as this judicial review action is confined to the Administrative Record. *Donaldson v. United States*, 109 Fed.Appx. 37 at *40 (6th Cir. 2004); *Alexander v. Merit Sys. Prot. Bd.*, 165 F.3d 474, 480 (6th Cir. 1999).

4.      Alt's Dairy purchased crop insurance coverage for its apple crop from NAU, an approved insurance provider ("AIP") under the Federal Crop Insurance Act of 1980 ("the FCIA"). ECF 22 at 279-280; *NAU Country Ins. Co. v. Alt's Dairy Farm, LLC*, No. 21-2792, 2023 WL 152475, at *1 (6th Cir. Jan. 11, 2023).

    a. That insurance consists of a common crop insurance policy ("CCIP"), the terms of which are established by the Federal Crop Insurance Corporation ("FCIC") and codified at 7 C.F.R. § 457.8. ECF 33 at 1356-1360; ECF 34 at 1361-1400.

    b. It also consists of crop-specific provisions known as the Apple Crop Insurance Provisions ("the ACIPs"), the terms of which are also established by FCIC and codified at 7 C.F.R. § 457.158. ECF 23 at 373-376); ECF 35 at 1401-1406.

5.      The ACIPs contain a fresh fruit quality endorsement, ("FFQE") which provides additional coverage for apples that qualify as "fresh apple production." ECF 22 at 281.

6.      The ACIPs define "fresh apple production" as:

(1) Apples: (i) That are sold, or could be sold, for human consumption without undergoing any change in the basic form, such as peeling, juicing, crushing, etc.; (ii) From acreage that is designated as fresh apples on the acreage report; (iii) That follow the recommended cultural practices generally in use for fresh apple acreage in the area in a manner generally recognized by agricultural experts; and (iv) From acreage that you certify, and, if requested by us provide verifiable records to support, that at least 50 percent of the production from acreage reported as fresh apple acreage from each unit, was sold as fresh apples in one or more of the four most recent crop years.

ECF 23 at 373 (defining "fresh apple production"); ECF 35 at 1401.

7.      In 2013, NAU incorrectly determined that Alt's Dairy's 2013 harvested apple production qualified for coverage under the FFQE using appraisals instead of sales records and consequently paid indemnification to Alt's Dairy for losses claimed in 2016 to apple crop units 01-02 and 01-04. ECF 32 at 1291; ECF 24 at 506-507; ECF 22 at 281.

8. After freezing weather damaged the same units in 2017, Alt's Dairy submitted another claim for coverage under the FFQE, relying upon the earlier, but erroneous, determination that it was entitled to coverage under the FFQE due to NAU's previous determination that the 2013 harvested apple production qualified as "fresh apple production" under the ACIPs. ECF 25 at 657-658.

9. When Alt's Dairy submitted its 2017 claim, NAU's compliance advisor conducted a fresh verification review that dated back to 2011. ECF 22 at 281; ECF 24 at 506-515.

    a. The fresh verification review uncovered the 2016 adjusting error. ECF 32 at 1291-1292.

    b. That fresh verification review also led NAU to conclude that Alt's Dairy did not qualify for indemnity under the FFQE for the 2017 claim because Alt's Dairy did not provide verifiable records showing that harvested apple production sold to Indian Summer Cooperative in 2013 qualified as "fresh apple production" as the FFQE defines that term. ECF 23 at 313-14; ECF 24 at 515.

    c. In reaching that conclusion, NAU's compliance advisor did not request sales records from Indian Summer Cooperative, nor did he convert the production records to appropriate units of measure as the Apple Loss Adjustment Standards Handbook and the 2013 Crop Insurance Handbook requires. ECF 20 at 63; ECF 22 at 283-84; ECF 36 at 1459; ECF 36 at 1472-73.

    d. Consequently, NAU reversed its resolution of Alt's Dairy's 2016 claim and denied its 2017 claim. ECF 24 at 499-500.

    e. Alt's Dairy claims, and NAU disputes, that the claims adjusting errors described above caused Alt's Dairy to receive less coverage than that to which it was entitled.

10. On June 26, 2019, Alt's Dairy demanded that its 2017 claim be arbitrated before the American Arbitration Association. ECF 23 at 331-32; ECF 26 at 717-18.

11. Alt's Dairy's claim was arbitrated on January 22 and January 23, 2020. ECF 22 at 279.

12. Arbitrator Scott S. Brinkmeyer issued an award in favor of NAU on March 2, 2020 on all issues that Alt's Dairy presented for arbitration. ECF 22 at 279-92.

13. On May 6, 2020, Alt's Dairy requested from the Risk Management Agency ("RMA") a favorable determination under paragraph 20(i) of the CCIP. ECF 22 at 276-78.

14. Paragraph 20(i) of the CCIP states: "In a judicial review only, [an insured] may recover attorneys fees or other expenses, or any punitive, compensatory or any other damages from [an AIP] only if [the insured] obtain[s] a determination from FCIC that [the AIP] failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in [the insured] receiving a payment in an amount that is less than the amount to which [it was] entitled." ECF 23 at 394; ECF 34 at 1391.

15. NAU filed with this Court a petition to confirm the arbitration award on July 1, 2020. ECF 28 at 1082-85.

16. Alt's Dairy filed with this Court a counter-petition to nullify the arbitration award on August 28, 2020. ECF 30 at 1158-64.

17. On November 12, 2020, the RMA denied as premature Alt's Dairy's request for a favorable determination under CCIP paragraph 20(i). ECF 30 at 1151-55.

18. Alt's Dairy re-requested a favorable determination under CCIP paragraph 20(i) upon providing the RMA with proof that the arbitration award was subject to challenge before this Court. ECF 30 at 1156-64.

19. This Court issued a judgment confirming the arbitration award and issued an order denying Alt's Dairy's counter-petition as untimely on July 8, 2021. ECF 22 at 228.

20. Plaintiff appealed this Court's decision.  ECF 22 at 228; ECF 36 at 1514.

21. The RMA denied Alt's Dairy's request for a favorable 20(i) determination on February 18, 2022. ECF 20 at 58-66.

22. On March 11, 2022, Alt's Dairy appealed the RMA's adverse determination to the National Appeals Division ("NAD") of the USDA. ECF 20 at 70-81.

23. Administrative Judge James R. Holden issued an Appeal Determination in Alt's Dairy's favor, reversing the RMA's adverse determination as clearly erroneous on August 12, 2022. ECF 36 at 1495-1502.

24. The RMA sought Director Review of the Appeal Determination on September 2, 2022. ECF 36 at 1509-17.

25. NAU also sought Director Review of the Appeal Determination on September 12, 2022. ECF 36 at 1521-26.

26. On October 28, 2022, Director Wood issued the Director Review Determination, upholding the Administrative Judge's determination, which is the subject of this judicial review. ECF 36 at 1527-35.

27. Director Wood denied the RMA's request for reconsideration on January 3, 2023. ECF 37 at 1552-56.

        Respectfully submitted,

        TEWKSBURY & KERFELD, P.A.

Dated: <u>July 31, 2023</u>        By: */s/ Paul A. Albarrán*
        Steven D. Pattee (Minnesota Reg. #269918)
        Paul E. Darsow (Minnesota Reg. #285080)
        88 South Tenth Street, Suite 300
        Minneapolis, MN 55403
        (612) 334-3399
        spattee@tkz.com

        Paul A. Albarrán (P82031)
        Varnum LLP
        Bridgewater Place, P.O. Box 352
        Grand Rapids, MI 49501-0352
        (616) 336-6000
        paalbarran@varnumlaw.com
        *Attorneys for Plaintiff*

        Respectfully submitted,

        MARK TOTTEN
        United States Attorney

Dated: <u>July 31, 2023</u>        By: */s/ Laura A. Babinsky*
        Laura A. Babinsky
        Assistant United States Attorney
        P.O. Box 208
        Grand Rapids, MI 49501-0208
        (616) 456-2404
        Laura.Babinsky@usdoj.gov
        *Attorneys for Defendant Frank M. Wood*

                                                Respectfully submitted,

                                                JOHN D. TALLMAN, PLC

Dated:  July 31, 2023                   By: */s/ John D. Tallman*
                                                John D. Tallman (P32312)
                                                4020 East Beltline Ave., NE
                                                Grand Rapids, MI 495525
                                                (616) 361-8850
                                                jtallmanlaw@gmail.com
                                                *Attorneys for Defendant Alt's Dairy Farm, LLC*