UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAU COUNTRY INSURANCE
COMPANY,

    Plaintiff,

v.

FRANK M. WOOD, as the Director
of the National Appeals Division,
and ALT'S DAIRY FARM, LLC,

    Defendants.
_____/

Case No. 1:23-cv-00127

Hon. Janet T. Neff
U.S. District Court Judge

Hon. Ray Kent
U.S. Magistrate Judge

**DEFENDANT FRANK M. WOOD'S PRE-MOTION CONFERENCE REQUEST**

Defendant Frank M. Wood respectfully requests a pre-motion conference in connection with his anticipated motion to remand. In this Administrative Procedure Act case, Plaintiff challenges a Director Review Determination (the Determination) of the National Appeals Division (NAD) of the United States Department of Agriculture (USDA). The Determination found that the Risk Management Agency (RMA) erred when it denied Alt's Dairy Farm, LLC (Alt's Dairy)'s request for a favorable determination pursuant to Section 20(i) of its Common Crop Insurance Policy. More specifically, the Determination found that NAU Country Insurance Company (NAU), an approved insurance provider in the federal crop insurance program and Alt's Dairy's insurer, violated the program's policies and procedures when adjusting Alt's Dairy's 2017 apple crop indemnity claims, which resulted in Alt's Dairy receiving an indemnity payment that was less than the amount it was entitled to receive. Concurrent with these administrative proceedings, this Court entered an Order confirming an arbitration award in favor of NAU related to the 2017 apple crop indemnity claims, which was affirmed by the Sixth Circuit.

Upon review of Plaintiff's Complaint and the Administrative Record, USDA, through Defendant Wood, has determined that further administrative proceedings would be appropriate based on the circumstances of this case. Accordingly, USDA would like to request a remand of this matter to the agency to allow it to: (1) rescind RMA's underlying Section 20(i) determination, and (2) reconsider the agency's decision in light of this Court's Order and the Sixth Circuit's decision.

**ARGUMENT**

Agencies have inherent authority to reconsider past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 417 (6th Cir. 2004) (citing

1

*Belville Mining Co. v. United States*, 999 F.2d 989, 997 (6th Cir. 1993)).  An agency "may request a remand (without confessing error) in order to reconsider its previous position." *Pellissippi*, 375 F.3d at 417 (quoting *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)); *Polyweave Packaging, Inc. v. U.S. Dep't of Transp.*, No. 21-4202, 2023 WL 1112247, at *1 (6th Cir. Jan. 27, 2023).  In such circumstances, "the reviewing court has discretion over whether to remand." *Pellissippi*, 375 F.3d at 417 (internal quotation omitted).  Here, Defendant Wood requests a remand because USDA has a substantial and legitimate interest in revisiting RMA's underlying Section 20(i) determination and is reconsidering this decision.  Remand would allow USDA to consider the issues raised in NAU's Complaint and subsequent briefing in the context of its reconsideration.

The Sixth Circuit has recognized that "when an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." *Id*. at 416.  *See also Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (remand should be granted "so long as the agency intends to take further action with respect to the original agency decision on review.") (internal quotation and citation omitted).  Motions for voluntary remand are "commonly granted even when they are opposed." *Am. Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 44 (D.D.C. 2013), *aff'd*, 601 F. App'x 1 (D.C. Cir. 2015).  This practice is rooted in judicial deference to an agency's inherent authority to reconsider its own decisions, judicial respect for the integrity of the administrative process, and an interest in conserving the resources of courts and parties.  *See Pellissippi*, 375 F.3d at 416-18.

Granting remand here promotes judicial economy and conserves the parties' and the Court's resources.  Courts "have recognized that '[a]dministrative reconsideration is a more

2

expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts.' " *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (quotation omitted). Allowing USDA to proceed with its administrative process might resolve or moot the claims presented in this case, rendering unnecessary further litigation that could strain the Court and the parties' resources. Even if remand does not resolve all of Plaintiff's claims, subsequent judicial review will turn on a new and different record that will necessarily alter the nature of this Court's review. Additionally, a voluntary remand will not result in undue prejudice. *Util. Solid Waste Activities Grp.*, 901 F.3d at 436 ("In deciding a motion to remand, [courts] consider whether remand would unduly prejudice the non-moving party.") (citation omitted). Here, USDA intends to consider and evaluate issues raised in the Complaint and subsequent briefing by NAU, who brought this lawsuit. Moreover, NAU will not be unduly prejudiced by a remand because it will ultimately be getting the relief it would have received had it prevailed in this action.

Accordingly, USDA, through Defendant Wood, requests a pre-motion conference in connection with its anticipated motion to remand this matter to USDA for further administrative proceedings.

                                                      Respectfully submitted,

                                                      MARK TOTTEN
United States Attorney

Dated: October 24, 2023                    */s/ Laura A. Babinsky*
                                                      LAURA A. BABINSKY (P85670)
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Laura.Babinsky@usdoj.gov