UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAU COUNTRY INSURANCE COMPANY,

    Plaintiff,

v.

FRANK M. WOOD and
ALT'S DAIRY FARM, LLC,

    Defendants.
_____/

Case No. 1:23-cv-127

HON. JANET T. NEFF

## OPINION AND ORDER

This is an Administrative Procedure Act (APA) case seeking judicial review of a final agency decision. Pending before the Court is Defendant Frank M. Wood's Motion to Remand for Further Administrative Proceedings (ECF No. 54).[1] Plaintiff NAU Country Insurance Company does not oppose the motion (ECF No. 56). Defendant Alt's Dairy Farm, LLC filed a response in opposition (ECF No. 58). For the reasons stated below, the Motion to Remand is granted.

Alt's Dairy purchased crop insurance for its apple crop from NAU for the 2016 and 2017 seasons. In 2017, NAU denied Alt's Dairy's claims. The parties proceeded to arbitration, and on March 2, 2020, the arbitrator issued an award in favor of NAU. The parties petitioned this Court, and on July 8, 2021, this Court confirmed the arbitration award. Separately, Alt's Dairy submitted a request to the United States Department of Agriculture (USDA) Risk Management Agency (RMA) for a favorable determination under Common Crop Insurance Policy Basic Provision

---

[1] Defendant Wood is the Director of the National Appeals Division of the United States Department of Agriculture.

Section 20(i).  *See* 7 C.F.R. § 457.8.  The RMA denied the request, but the decision was reversed by a National Appeals Division (NAD) administrative judge.  On October 28, 2022, Defendant Wood upheld the NAD administrative judge's determination.  On January 11, 2023, the Sixth Circuit affirmed this Court's decision confirming the arbitration award in favor of NAU.  *See NAU Country Ins. Co. v. Alt's Dairy Farm, LLC,* No. 21-2792, 2023 WL 152475 (6th Cir. Jan. 11, 2023).  One month later, NAU filed this lawsuit requesting that the Court overturn the agency's determination and find that Alt's Dairy is not entitled to make a claim for extra contractual damages under Section 20(i).

"Courts have 'broad discretion' to grant an agency's request for remand made in response to a party's challenge to agency action." *Sierra Club v. EPA*, 60 F.4th 1008, 1021 (6th Cir. 2023) (quoting *Util. Solid Waste Activities Grp. v. EPA,* 901 F.3d 414, 436 (D.C. Cir. 2018)).  "[W]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004).  "Remand has the benefit of allowing 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)).

Defendant Wood seeks a remand to allow the agency to: "(1) rescind RMA's underlying Section 20(i) determination, and (2) reconsider the agency's decision in light of this Court's Order and the Sixth Circuit's decision" (ECF No. 55 at PageID.1598).  The Court finds that a remand is appropriate in this case.  The remand request does not appear to be frivolous or in bad faith.  Moreover, a remand will not result in undue prejudice.  The agency should be given the opportunity

to reconsider its prior decision in light of the Sixth Circuit's January 11, 2023 opinion. Because a remand will allow the USDA to cure its own mistakes and reconsider the issues raised by Plaintiff, as well as preserve court resources, the Court remands the determination to the USDA. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wood's Motion to Remand (ECF No. 54) is GRANTED.

**IT IS FURTHER ORDERED** that the underlying Section 20(i) determination is REMANDED to the USDA for reconsideration and further administrative proceedings.

**IT IS FURTHER ORDERED** that all further proceedings in the case are STAYED, and the case is ADMINISTRATIVELY CLOSED. The parties shall move to reopen the case when the administrative proceedings are concluded.

Dated:  November 30, 2023        /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge